# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV143 ACL |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the filing of the "Affidavit of Plaintiff," and a document entitled "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order." The Court notes that plaintiff seeks leave to file his complaint, and he requests that the Court provide him with a court-form in order to do so. The Court will comply with his request.

In plaintiff's affidavit, he asserts that his legal access to the Courts is being violated under the First Amendment because he is not being given access to his legal documents at Southeastern Correctional Center ("SECC") during the time he is serving in administrative segregation. He claims that he took notes about the events giving rise to his claims of a failure to protect incident, in June of 2014 at Eastern, Reception and Diagnostic Center ("ERDCC"), as well as a failure to protect incident that arose in September of 2014 at SECC, but because he is in administrative segregation currently, he cannot get access to those papers. He seeks an order from this Court requiring SECC to provide him with his legal materials during his stay in administrative segregation so that he may better draft his complaint in this action.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that

they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not alleged an actual injury to his pending legal claims against the unnamed correctional officers at ERDCC or SECC. As such, he has not alleged a First Amendment claim at this time, such that it would be appropriate for the Court to issue an order to SECC to provide plaintiff with his legal documents in administrative segregation. Regardless, plaintiff will have an opportunity to bring his claims to this Court when he files his court-provided complaint form in this case. After defendants are served in this action and discovery has commenced, if at that time he can show he is unable to pursue his case because he has no access to his legal materials, he may pursue his motion again in this Court.

Plaintiff shall have thirty (30) days from the date of this Order to file his amended complaint in accordance with the specific instructions set forth herein. All claims in an action must be included in one, centralized complaint form, as neither the court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims. **As such, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, and so he must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. *Id.* **If plaintiff wishes to sue defendants in their individual capacities or official capacities or both, plaintiff must specifically say so in the amended complaint.** All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on a Court form within thirty (30) days in accordance with the Court's instructions, the Court will dismiss this

action without prejudice and without further notice.

The Court notes that plaintiff has neither paid the filing fee nor submitted a motion to proceed in forma pauperis, along with a prison account statement, *see* 28 U.S.C. § 1915(a). In order to proceed in this action, plaintiff must either pay the full filing fee or submit his motion to proceed in forma pauperis, along with his prison account statement, within thirty days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Motion to Proceed in Forma Pauperis - Prisoner Cases.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a motion to proceed in forma pauperis within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff submits a motion to proceed in forma pauperis, he must also submit a certified copy of his prison account statement for the six month period immediately preceding the filing of his complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the court will dismiss this action without prejudice. If the case is dismissed, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's request for the Court to order SECC to provide plaintiff with his legal materials during his stay in administrative segregation will be **DENIED without prejudice at this time**.

Dated this 11th day of August, 2015.

_____
**HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**