# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV143 ACL |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff's correspondence, dated August 12, 2015, relating to payment of his filing fee. [Doc. #3]. Plaintiff seeks clarification of the Court's August 11, 2015 Memorandum and Order, relative to payment of the filing fees and how to bring his claims against defendants in this case. In essence, plaintiff lacks an understanding of Federal Rules of Civil Procedure 18 and 20.

From plaintiff's correspondence, it appears that plaintiff wishes to file two entirely separate causes of action in one case. He claims that he wants to bring a cause of action against defendants located at ERDCC, relative to a failure to protect incident in June of 2014 and claims against defendants located at SECC, relative to a failure to protect incident in September of 2014. Plaintiff, however, only wants to pay one filing fee. And he requests that he be allowed to bring both sets of claims in this one case.

Rule 18(a) of the Federal Rules of Civil Procedure states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

As such, multiple claims against a **single party** are valid.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

However, actions involving **multiple claims against multiple defendants** are not allowed when there is, as in this case, an incentive to avoid paying separate filing fees.  *See id.* (district court should question joinder of defendants and claims in prisoner cases).  Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions.  In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d at 607. "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*  The bottom line is that because plaintiff was at two separate facilities (SECC and ERDCC) when the two failure to protect incidents allegedly occurred – in June and September 2014 – he cannot bring claims relating to both incidents in one amended complaint.

Thus, plaintiff's amended complaint may only contain claims relative to one of the alleged failure to protect incidents at one of the alleged prisons.  (Plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the

defendant(s) involved in said transaction.) Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed.R.Civ.P. 20(a)(2).

To the extent plaintiff wishes to pursue a second lawsuit relating to his other claims, he may do so by filing a new complaint in this Court. Plaintiff will be responsible for paying a second filing fee in that case. In order to facilitate this process, the Court will request that the Clerk of Court send plaintiff a copy of the Court's Prisoner Civil Rights Complaint Form.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint, as well as a copy of the Court's Motion to Proceed in Forma Pauperis – Prisoner Cases.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint in this action shall comply with Federal Rules of Civil Procedure 18 and 20. The filing of plaintiff's amended complaint shall comply, in all other respects, with the guidelines set forth in the Memorandum and Order issued on August 11, 2015.

Dated this 26th day of August, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE