UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTONIO WHITE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:15CV143 ACL |
| IAN WALLACE, et al., | ) |
| Defendants, | ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion to clarify.[1] After reviewing plaintiff's motion, the Court will provide plaintiff thirty (30) days to provide the Court with a motion to proceed in forma pauperis and his prison account statement. Plaintiff's failure to do so in a timely manner will result in a dismissal of this action, without prejudice, pursuant to Fed.R.Civ.P. 41(b).

**Procedural Background**

Plaintiff filed this action on August 6, 2015. In his initial pleading before the Court, plaintiff filed a motion titled "IRAC and Supporting Affidavits of Plaintiff." Plaintiff also filed a document titled "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order."

In plaintiff's original affidavit, he asserted that his legal access to the Courts, while he was being held at Southeastern Correctional Center ("SECC"), was being violated under the First Amendment because he was not being given access to his legal documents during the time he was being held in administrative segregation. He claimed that he took notes about the events giving rise to his claim for a failure to protect incident, in June of 2014, at the Eastern, Reception

---

[1] Plaintiff's filing is titled, "I will first do my best to explain to the Court the confusion at hand, then I will do my best to explain to the Court what I'm requesting to correct it."

and Diagnostic Center ("ERDCC"), as well as a failure to protect incident that arose in September of 2014, at SECC, but because he was currently in administrative segregation, he was unable to access those papers. He sought an order from this Court requiring SECC to provide him with his legal materials during his stay in administrative segregation so that he could draft a complaint in this action.

By Memorandum and Order filed on August 11, 2015, the Court informed plaintiff that it was unable to grant him a preliminary injunction, because he did not have a legal access to courts claim under the First Amendment. Plaintiff was told that he had thirty (30) days to file an amended complaint on a court-provided form if he wished to pursue his failure to protect claims, and he was informed that he would likely not be able to join both failure to protect claims because they had occurred at two separate correctional facilities. Plaintiff was then reminded that he needed to file a motion to proceed in forma pauperis and file a copy of his prison account statement.

Plaintiff indicated in a later filing before this Court that he did not wish to pay two filing fees to bring separate actions in this Court, and he asserted that he did not believe he should have to pay a filing fee in order to bring his "IRAC" assertions before this Court. The Court explained to plaintiff that he could not simply bring a motion for injunction without an accompanying civil action.

On August 26, 2015, the Court explained to plaintiff that if he wished to pursue two wholly separate failure to protect claims that had occurred at two separate facilities, he would likely need to file two separate actions in this Court.[2] Plaintiff was again provided a date by

---

[2] In his most recent filing, plaintiff appears confused as to where his action should be filed. He is correct in his assertion that if the events in his complaint occurred at ERDCC, then the case should originally be filed in the Eastern Division of this Court. He is also correct that if the

2

which he would need to amend his complaint, but this time, he was also reminded that if he wished to pursue his claims from both SECC and ERDCC, he would most likely need to file two actions. Plaintiff was also again reminded that he still needed to file a separate motion seeking leave to proceed in forma pauperis, as well as his prison account statement.

On September 11, 2015, plaintiff filed an amended complaint on a court-form detailing claims relating to his time spent at ERDCC. However, he failed to file a motion to proceed in forma pauperis or provide the Court with his prison account statement. At the time of the filing of the amended complaint, plaintiff requested a motion for extension of time to basically "supplement his amended complaint," with plaintiff's factual materials which he stated were still being held by SECC administrators because he was in administrative segregation at SECC. The Court stated that it didn't see a need to supplement the amended complaint, but provided plaintiff with an extension of time to do so, as well as to provide his motion to proceed in forma pauperis and prison account statement.

## Motion to Clarify

In the instant motion before the Court, plaintiff makes it clear that he wishes only to pursue claims against defendants located at ERDCC, as noted in his amended complaint [Doc. #5], and he wants to make sure that the Court is clear that he is not pursuing claims against anyone at SECC. Plaintiff also wants to make sure that his lawsuit has been filed in the correct

---

transaction discussed in the case occurred at SECC, then the case should originally be filed in the Southeastern Division of this Court, which is located in Cape Girardeau. However, both divisions of the Court are part of the United States District Court of the Eastern District of Missouri, and if a case is mistakenly at first filed in the wrong division, the case can be transferred within district easily. If a case is in the correct division when filed, as this case was because plaintiff was seeking action within the Southeastern Division, but later amended to allege claims outside the division, the case need not be transferred.

3

division of this Court, and he is uncertain as to whether his amended complaint should have been filed as a new case.

In the interests of judicial economy, the Court will maintain the present action, as filed, in the Southeastern Division, even though plaintiff is now bringing his lawsuit against defendants located at ERDCC. To open a new case at this juncture would require plaintiff to pay two filing fees, which plaintiff has noted he is unwilling to do.

The accompanying pleading docketed as document number five [Doc. #5] shall be referenced as plaintiff's amended complaint in this action, and it does not need to be transferred, nor is it subject to dismissal for "venue" issues, as a Court's division is not the same as "venue" under the Federal Rules of Civil Procedure. If at a later time in the case, after service of process, defendants assert that trial would be easier on all parties in the case in the Court's Eastern Division (St. Louis), the Court will take up the matter with the parties at that time.[3]

This action, however, will be subject to dismissal forthwith if plaintiff does not provide the Court with either the full filing fee of $400 or a motion to proceed in forma pauperis within thirty (30) days of the date of this Memorandum and Order. Plaintiff must also provide the Court with his prison account statement. If plaintiff fails to do so within the specified time period, the Court will dismiss this action, without prejudice, pursuant to Fed.R.Civ.P. 41(b). This will be the last extension granted to plaintiff without good cause shown.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to clarify [Doc. #8] is **GRANTED IN PART.**

---

[3]This presupposes that plaintiff's amended complaint will survive pre-service review under 28 U.S.C. § 1915, for frivolousness, maliciousness and for failure to state a claim.

**IT IS FURTHER ORDERED** plaintiff's pleading attached as [Doc. #5] shall be called plaintiff's amended complaint in this proceeding, and the Court is aware that it relates to allegations that occurred to plaintiff at ERDCC.

**IT IS FURTHER ORDERED** that this matter shall be maintained in the Southeastern Division of this Court even though it names defendants who may currently be found in the Court's Eastern Division.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Motion to Proceed in Forma Pauperis – Prisoner Cases.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a motion to proceed in forma pauperis within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff submits a motion to proceed in forma pauperis, he must also submit a certified copy of his prison account statement for the six month period immediately preceding the filing of his complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the court will dismiss this action without prejudice. If the case is dismissed, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

Dated this 2nd day of October, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE